IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| REGINALD McKEEVER, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RWT-13-1915 |
| KATHLEEN GREEN, | * | |
| Respondent. | * | |

***

## MEMORANDUM

On October 15, 2013, this Court entered an Order stating that Petitioner's Petition appeared untimely, but giving Petitioner an opportunity to explain why his § 2254 Petition should not be dismissed as time-barred. ECF No. 7. Petitioner filed a response to this Order on November 15, 2013. ECF No. 8. For the reasons that follow, the Petition must be dismissed as untimely, and a Certificate of Appealability shall not issue.

**Background**

Petitioner Reginald McKeever ("McKeever") was tried and convicted by jury trial in the Circuit Court for Baltimore City on November 3, 2006, for attempted first-degree murder, attempted armed robbery, and related weapons offenses. ECF Nos. 5-1, 5-2. McKeever was sentenced on January 23, 2007, to a term of 50 years' incarceration. On November 17, 2008, the Maryland Court of Special Appeals affirmed McKeever's conviction; certiorari review was denied by the Court of Appeals on March 13, 2009. ECF Nos. 15-2, 15-3. McKeever's conviction became final as of June 11, 2009, when the time for seeking further review in the United States Supreme Court expired. *See* Sup. Ct. Rule 13.1.

On March 1, 2010, McKeever filed a petition for post-conviction relief with the Circuit Court for Baltimore City which was withdrawn on April 1, 2010. ECF No. 5-1. On May 25,

2010, McKeever filed another petition for post-conviction relief which was denied by the state circuit court on January 20, 2011.  McKeever did not file an application for leave to appeal the relief sought; thus, post-conviction proceedings became final on February 22, 2011, when the time for filing an application for leave to appeal expired.

The time for filing a federal habeas petition was tolled in McKeever's case from March 1, 2010 to April 1, 2010 and from May 25, 2010 to February 22, 2011.  At the time the May 25, 2010 petition was filed, McKeever's one year federal habeas filing deadline had run from June 11, 2009 through March 1, 2010 (263 days) and from April 1, 2010 through May 25, 2010 (54 days), a total of 317 days.  This left McKeever 48 days from February 22, 2011, to file a federal habeas petition.  McKeever's filing deadline was April 11, 2011.  His petition was filed in this Court on June 28, 2013, more than two years past the filing deadline.  McKeever admits the petition is untimely, but that he is nevertheless entitled to a merits review of his claims because he is "actually innocent."  ECF No. 8.

### Standard of Review

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court.  *See* 28 U.S.C. § 2244(d).[1]  "[T]he one year limitation period is

---

[1]This section provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, McKeever must establish that either some wrongful conduct by Respondent contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F. 3d at 330.

**Analysis**

In his Reply, McKeever asserts he now has evidence to prove his claim that his hand is too disabled for him to have committed the offense described at trial. ECF No. 8. McKeever claimed at trial that he was not involved in the shooting of an undercover police officer in a robbery attempt. The Maryland Court of Special Appeals summarized his assertion as follows:

> He further testified that he was paralyzed in his left hand with deep scarring on his left wrist, and that he had lost his index and middle fingers on his right hand, all as a result of having been shot with a shotgun. He said that he did not like guns, and was physically unable to hold and fire a handgun. He admitted on cross-examination that he ties his own shoes, and was able to open doors, brush his teeth, and turn on the shower.
>
> Karen Sullivan, a firearms examiner for the Baltimore City Police Department, testified that the Beretta handgun recovered on the scene had been "jammed" at the time it was found because the casing of the last round to be fired had become stuck in the ejection process. She confirmed that the .9mm live round and the expended .9mm casings found at the scene had been ejected from that weapon. She stated that she had tested the weapon and that she was able to fire it using each of her ten fingers.

ECF No. 5-2 at 5-6.

---

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

McKeever claims that his medical records were missing at the time of trial and he could not establish he had been treated for the injuries to his hand until recently. ECF No. 8 at 2. He adds that without the records he "knew nothing about [his] injuries" nor did he know the names of the doctors who performed surgery on his hand.[2] ECF No. 8 at 2. McKeever also asserts that the one-year filing deadline should be waived because the entire trial was not recorded.[3] ECF No. 8 at 5-6. In addition, McKeever states he did not know about the one-year filing deadline and states he was 19 years old at the time of his conviction, with little to no knowledge of the law. ECF No. 8 at 8.

To the extent that McKeever is asserting a claim of actual innocence, it is unavailing. Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986). "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.*; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). The claim in the instant case is not procedurally defaulted; it is time-barred.

McKeever points to no misconduct by the State that prohibited him from discovering the medical records regarding the injury to his hands, nor can he truthfully assert that he was unaware of the incomplete nature of the trial transcript as the issue was raised on appeal. Neither basis adequately explains McKeever's delay in filing the instant petition. "Section 2244(d)(1)(B) expressly allows tolling for state-created impediments that prevent a prisoner from filing his application, but *only if* the impediment violates the Constitution or federal law." *Holland v. Florida*, 560 U.S. 631, 665 (2010).

---

[2] McKeever was 15 years old when his hands were injured by a shotgun. ECF No. 8 at 1.

[3] This claim was also raised by McKeever on direct appeal. ECF No. 5-2.

His claim that he was unaware of the one-year filing deadline is also unavailing. Any impediment to a timely filing of a federal habeas petition must be one that is outside the habeas petitioner's control. A lack of awareness concerning the filing deadline is neither outside of McKeever's control, nor is it an extraordinary circumstance. *See e.g. Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (attorney miscalculation of filing deadline), *see also United States v. Sosa*, 364 F. 3d 507, 512 (4th Cir. 2004) (rejecting as a basis for equitable tolling petitioner's misunderstanding of the filing deadline). Thus, the Petition must be dismissed as untimely, as there is no basis stated for equitably tolling the statute of limitations.

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). McKeever has failed to demonstrate this standard; thus, a Certificate of Appealability shall not issue.

A separate Order follows.

<u>Date</u>:  April 29, 2014

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
